STEPHEN F. WILLIAMS, Senior Circuit Judge,
concurring.
I write separately only to question the premise, assumed by all parties (and thus quite properly not ruled on by the court), that “sleeping” is “a major life activit[y]” for purposes of the Americans with Disabilities Act, specifically 42 U.S.C. § 12102(2)(A). Here no analytical problem arises, because Haynes loses for want of evidence that his impairment, idiopathic pruritus, caused his sleeplessness. But had he prevailed on that question, the next issue would have been whether the impairment “substantially” limited his sleeping. See id. Not only is sleep largely an instrumental activity — valued for its ability to refresh us for various waking activities — but humans’ sleep needs vary radically. Some can be successful chief executives of firms — -or countries — on very little sleep, while others require a full eight *486 hours, or more, to get through only moderately productive days. See, e.g., Only Wimps Need 8 Hours, L.A. Times, Feb. 10, 1994, at 1 (“Winston Churchill slept little and sometimes ridiculed those who slept more.”). Thus the only way to answer the question whether the impairment “substantially” limited Haynes’s sleep would be by reference to the effects on his waking “life activities.” A more direct answer to that question would look straight to the waking activities adversely affected. The intermediate step seems to add nothing useful.